AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Western District of Texas

FILED
July 06, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: AD
 DEPUTY

United States of America
v.

Luis Alonso Murillo-Alvarenga

*Defendant(s)*

Case No. 1:22-mj-606-SH

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of July 1, 2022 in the county of Travis in the Western District of Texas, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC 841(a)(1) | Possession of with Intent to distribute methamphetamine |
| 18 USC 924(c) | Possession of firearms in furtherance of drug trafficking |

This criminal complaint is based on these facts:

See attached affidavit.

☒ Continued on the attached sheet.

*Complainant's signature*

DEA TFO Cody Pahl
*Printed name and title*

☐ Sworn to before me and signed in my presence.
☒ Sworn to telephonically and signed electronically.

Date: 07/06/2022

*Judge's signature*

City and state: Austin, Texas

Susan Hightower, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Affiant, Cody Pahl, being duly sworn does depose and state the following:

1. I am currently employed as a Special Agent with the Texas Department of Public Safety since April 2014. I am currently assigned as a DEA Task Force Officer (TFO) to the DEA Austin District Office (DO) for approximately five years. During this time, I have conducted and participated in numerous investigations concerning narcotics trafficking, money laundering, and narcotics related violent crimes.

2. During my tenure as a DEA TFO, I have received specialized training regarding, and have personally participated in, various types of investigative activity, including, but not limited to, the following: (a) physical surveillance; (b) the debriefing of defendants, witnesses, informants and other individuals who have knowledge concerning violations of federal narcotics laws; (c) undercover operations; (d) the execution of search warrants; (e) the consensual monitoring and recording of conversations; (f) electronic surveillance through the use of pen registers and trap and trace devices; (g) the court-authorized interception of both wire and electronic communications (i.e., Title III wiretaps); and (h) the handling and maintenance of evidence.

3. This Affidavit is made for the limited purpose of establishing probable cause in support of a Criminal Complaint alleging that Luis Alonso Murillo-Alvarenga committed the offenses of possession with intent to distribute 500 hundred grams or more of methamphetamine, in violation of 21 U.S.C. § 841; and possession of firearms in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c). Since this Affidavit is for the limited purpose of establishing probable cause to support the Criminal Complaint, I have not included every

fact known to me concerning the entities, individuals, and events described in this Affidavit.

4. The statements made in this Affidavit are based in part on: (a) my personal participation in this investigation; (b) information provided to me by other law enforcement officers; and (c) the training and experience of myself and other law enforcement agents and officers.

5. On June 29, 2022, DEA TFO Cody Pahl sought and received a State search warrant, which was reviewed and authorized by Travis County 167th District Court Judge Dayna Blazey, for the premises located at 11711 Domain Drive apartment 1515 Austin, Texas 78753.

6. On July 1, 2022, at approximately 12:30 p.m., investigators with the Texas Department of Public Safety – Criminal Investigations Division knocked and announced their presence at 11711 Domain Drive apartment 1515, with no answer at the door. Special Agents breached the door of the apartment, which was approximately 720 square feet, and located LUIS ALONSO MURILLO-ALVARENGA asleep in the only bedroom. Special Agents searched apartment 1515 pursuant to the search warrant and seized from the floor of the living room twenty-one individually wrapped packages containing a green leafy substance which looked and smelled like marijuana. On the floor in the only bathroom closet was a Louis Vuitton bag containing six black bags containing a crystalline substance. An AK-47 rifle (serial number C39V2A04896) was located within five feet of MURILLO-ALVARENGA, in the corner of the only bedroom with a magazine inserted. Additionally, a Glock model 22, .40 caliber (serial number FFX124) with an attached automatic switch was located on the nightstand (within one foot of MURILLO-ALVARENGA) with a

loaded .40 caliber extended magazine next to it. Both weapons were located within approximately twelve feet of the narcotics.

7. Based on my training and experience while conducting narcotic investigations, I know that narcotic traffickers keep firearms on or near their persons to protect their illegal narcotics from theft. Based on this knowledge and the close proximity between the firearms and narcotics, there is probable cause to conclude that MURILLO-ALVARENGA possessed the rifle and pistol described above in furtherance of his drug trafficking activities.

8. I contacted Special Agent Leigh Cochran with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, who said the Glock 22 was equipped with a device (a "Glock switch") that is attached to the rear of the firearm and converts the semi-automatic firearm into a fully automatic machine gun. Special Agent Cochran indicated that further testing would be required to confirm the functionality of the firearm.

9. DEA SA Todd Davis read MURILLO-ALVARENGA the *Miranda* warning and asked if MURILLO-ALVARENGA understood. MURILLO-ALVARENGA advised he understood. SA Davis asked if the guns, methamphetamine, and marijuana were MURILLO-ALVARENGA's. At first MURILLO-ALVARENGA claimed ownership of the marijuana but not the methamphetamine or the firearms, but after further questioning stated that all the illegal narcotics and firearms were MURILLO-ALVARENGA's.

10. MURILLO-ALVARENGA was transported to the DEA Austin DO where TFO Pahl, SA Davis and SA Cochran conducted a custodial interview. SA Davis reminded MURILLO-ALVARENGA of the *Miranda* warnings. MURILLO-ALVARENGA advised he would continue answering Agents' questions. During the interview MURILLO-ALVARENGA

admitted to purchasing the AK-47 at Cabelas and the Glock with the attached device from a private seller.

11. DEA Austin TFO Jeffery Brenneke examined the crystalline substance recovered from MURILLO-ALVARENGA's apartment and found that it weighed approximately 6,150 grams and tested presumptively positive for methamphetamine.

## CONCLUSION

12. Based on the facts set forth above, I respectfully submit that there exists probable cause to charge LUIS ALONSO MURILLO-ALVARENGA with violations of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A) (possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine); and Title 18, United States Code, Section 924(c) (possession of firearms in furtherance of drug trafficking).

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

_____
Cody Pahl
Task Force Officer
Drug Enforcement Administration

SWORN AND SUBSCRIBED to me telephonically on July __6th__, 2022.

_____
Susan Hightower
United States Magistrate Judge