LUIS ALONSO MURILLO-ALVARENGA
Reg. No. 09887-510
FCI Oakdale II
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 5010
OAKDALE, LA   71463

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS (AUSTIN)

| | |
|---|---|
| LUIS MURILLO-ALVARENGA,<br><br>           Plaintiff(s),<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>           Defendant(s). | Case Number: **1:23-cr-00017-RP-1**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S TITLE 28 USC Section 2255 PETITION** |

### MEMORANDUM OF POINTS AND AUTHORITIES

Petitioner **LUIS ALONSO MURILLO-ALVARENGA** respectfully submits this Memorandum of Points and Authorities in Support of his Title 28 U.S.C. Section 2255 Petition. Petitioner's Title 28 U.S.C. Section 2255 Petition is timely filed.

# GROUNDS FOR RELIEF

**GROUND ONE:** INEFFECTIVE ASSISTANCE OF COUNSELS DURING PRETRIAL, AND SENTENCING FOR FAILING TO OBJECT, FILE MOTIONS, INEVESTIGATE, INFORM AND APPRISE OF THE FACTS, AND EXPLAIN THE BENEFITS OF TRIAL OR ACCEPTING A PLEA OFFER..................................................................................................4

**GROUND TWO:** COUNSELS WERE INEFFECTIVE FOR THEIR FAILURE TO EXPLAIN AND DISCUSS PETITIONER'S AVAILABLE OPTIONS AND POSSIBLE CONSEQUENCES, DECISION TO OPT TO TRIAL OR NOT, AND ADEQUATELY COUNSEL PETITIONER OF THE SITUATION..................................................................................................4

**GROUND THREE:** COUNSELS INEFFECTIVE ASSISTANCE RENDERS VOIDS PETITIONER'S GUILTY PLEA BECAUSE IT WAS ENTERED UNKNOWINGLY, UNINTELLIGENTLY, AND INVOLUTARILY..................................................................................................5

**GROUND FOUR:** COUNSELS WERE INEFFECTIVE FOR FAILING TO OBJECT, PRESERVE FOR APPEAL AND ARGUE THE CUMULATIVE ERRORS THROUHGT THE PRETRIAL AND SENTENCING PROCESS VIOLATING PETITIONER'S RIGHTS TO A FAIR PROCESS..................................................................................................7

**GROUND FIVE:** COUNSEL WAS INEFFECTIVE FOR FAILING TO PROPERLY INVESTIGATE THE FACTS SURROUNDING THE ARREST, INVESTIGATIVE REPORTS, AND THE CONTRADICTING THEORIES AND EVIDENCE..................................................................................................7

**GROUND SIX:** COUNSEL WAS INEFFECTIVE FOR FAILING TO EXPLAIN PLEA OFFERS AND FAILING TO PROPERLY ENGAGE IN THE PLEA NEGOTIATION PROCESS..................................................................................................8

**GROUND SEVEN:** COUNSEL WAS INEFFECTIVE FOR FAILING TO EXPLAIN THE SENTENCING EXPOSURE IF CONVICTED AT TRIAL OR A PLEA OF GUILTY..................................................................................................8

**GROUND EIGHT:** COUNSEL WAS INEFFECTIVE FOR FAILING TO EXPLAIN, FILE A NOTICE OF APPEAL, AND FILE A DIRECT APPEAL..................................................................................................

## GROUNDS FOR RELIEF

The right to effective assistance of counsel is found in the Sixth Amendment to the United States Constitution. The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right...to have the Assistance of Counsel for his defence." U.S. Const. Amend. VI. This right was comprehensively discussed in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

In Strickland, supra, the Supreme Court set forth the two-prong test for establishing ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, a convicted defendant must show: (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland. at 687 – 88. There is a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. Strickland, at 689 – 90.

Moreover, the Constitutional guarantee of counsel under the Sixth Amendment has been construed to include four rights: The right to counsel, the right to effective assistance of counsel, the right to a preparation period sufficient to ensure minimal level of quality of counsel, and the right to be represented by counsel of one's own choice.

After a defendant's Sixth Amendment right to counsel attaches, he has a right to the advice of counsel at any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a fair trial. United States v. Wade. 388 U.S. 218 (1967).

# GROUNDS

**GROUND ONE: INEFFECTIVE ASSISTANCE OF COUNSELS DURING PRETRIAL, AND SENTENCING FOR FAILING TO OBJECT, FILE MOTIONS, INEVESTIGATE, INFORM AND APPRISE OF THE FACTS, AND EXPLAIN THE BENEFITS OF TRIAL OR ACCEPTING A PLEA OFFER**

Petitioner submits that Counsel were ineffective during the plea phase, pretrial and sentencing phase because Counsels failed to apprise Petitioner of the facts, omitted and misleaded Petitioner with vital case information, failed to adequately consult with Petitioner, and waived Petitioner's exclusive right to decide to plead guilty or opt to trial.

However, Counsel never discussed or reviewed all the evidence and discovery with Petitioner. All opportunities for making an informed, willing, intelligent, and voluntary decision or whether to plea or not were taken from Petitioner when Counsel forced to plea guilty.

Had Counsel apprised, properly informed, not misleaded or deceived Petitioner, shown and discussed with Petitioner the evidence and discovery, Petitioner would not have pleaded guilty and proceeded to trial and or would have sought a more favorable outcome in plea offers.

<u>* For Details, Please See Affidavit Attached herein.</u>

**GROUND TWO: COUNSELS WERE INEFFECTIVE FOR THEIR FAILURE TO EXPLAIN AND DISCUSS PETITIONER'S AVAILABLE OPTIONS AND POSSIBLE CONSEQUENCES, DECISION TO OPT TO TRIAL OR NOT, AND ADEQUATELY COUNSEL PETITIONER OF THE SITUATION**

Petitioner here makes several allegations based on ineffective assistance of counsel. Petitioner first alleges that his attorney failed to adequately counsel him regarding situation and the difference between the plea offers and trial. An attorney "has the duty to advise the defendant of the available options and possible consequences and failure to do so constitutes ineffective assistance of

4
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S
TITLE 28 USC Section 2255 PETITION

counsel." United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (internal quotation marks omitted).

Here, Petitioner submits that in general complaints about ineffective assistance of counsel are to be brought not on direct appeal because of a lack of record, but rather in a § 2255 proceeding. See, U.S. v. Austin, No. 07-1932 (8th Cir. Mar. 6, 2009).

Lack of consultation might well support a finding of ineffective assistance of counsel [United States ex rel. Washington v. Maroney, 428 F.2d 10 (3d Cir. 1970)], but the amount of time counsel spends with the defendant is only one factor to be weighed in determining the effectiveness of representation. O'Neal v. Smith, 431 F.2d 646 (5th Cir. 1970); Brinegar v. United States, 290 F.2d 656 (6th Cir. 1961).

Counsel failed to explain and discuss Petitioner 's forced decision to plead guilty. Counsel just moved on without addressing the Petitioner's decision.

For this reason, Counsels for Petitioner were ineffective during that precise moment in time of Petitioner's criminal process.

* For Details, Please See Affidavit Attached herein.

**GROUND THREE: COUNSELS INEFFECTIVE ASSISTANCE RENDERS VOIDS PETITONER'S GUILTY PLEA BECAUSE IT WAS ENTERED UNKNOWINGLY, UNINTELLIGENTLY, AND INVOLUTARILY**

Petitioner submits that his Guilty plea is null and void. Petitioner's guilty plea was unconstitutionally entered rendering null and void because it was entered unknowingly, unintelligently, and involuntarily due to Counsel's interfering with Petitioner's exclusive right to make the decision to stand trial or accept a plea offer. Counsels were misleading, inaccurate, deceptive, and omitted set of facts and advice. Counsels failed to discuss the elements to the charges, the Sentencing

5
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S
TITLE 28 USC Section 2255 PETITION

Guidelines and Petitioner's Level on the U.S.S.G. Counsel exhibited his desire to a speedy disposition of Petitioner's case.

Had Counsels apprised, properly informed, not misleaded or deceived Petitioner, investigated the facts, and challenged self-serving statements used against Petitioner, Petitioner would not have entered a plea of guilty and in its stead proceeded prepared to trial or sought the most favorable plea offer.

In order for a not guilty plea to be valid, the Constitution imposes "the minimum requirement that [the] plea be the voluntary expression of [the defendant's] own choice." Brady, 397 U.S. at 748. Because it operates as a waiver of important constitutional rights, the plea must also be entered "knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) (quoting Brady, 397 U.S. at 748). It must reflect "a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). In evaluating the constitutional validity of a guilty plea, "courts look to the totality of the circumstances surrounding [it], granting the defendant's solemn declaration of guilt a presumption of truthfulness." Walton v. Angelone, 321 F.3d 442, 462 (4th Cir. 2003) (internal citation omitted).

Petitioner submits that numerous cases make it perfectly clear that a [not] guilty plea based on such misinformation is constitutionally invalid. Smith v. O'Grady, 312 U. S. 329, 334 (1941); Henderson v. Morgan, 426 U. ...S. 780 (1979), actually supports the contrary proposition: that a constitutionally invalid guilty plea may be set aside on collateral attack whether or not it was challenged on appeal.

For this reason, the Petitioner respectfully requests this honorable Court Grant an evidentiary Hearing.

<u>* For Details, Please See Affidavit Attached herein.</u>

6
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S
TITLE 28 USC Section 2255 PETITION

## GROUND FOUR: COUNSELS WERE INEFFECTIVE FOR FAILING TO OBJECT, PRESERVE FOR APPEAL AND ARGUE THE CUMULATIVE ERRORS THROUHGT THE PRETRIAL AND SENTENCING PROCESS VIOLATING PETITIONER'S RIGHTS TO A FAIR PROCESS

Counsel was ineffective for violating Petitioner's 5th and 6th Amendment Right under the US Const. Counsel forced Petitioner to enter a plea of guilty, failed to show all the evidence, failed to obtain the evidence and explain the evidence. Counsel failed to allow, procure, and provide discovery to Petitioner for inspection, without the actual facts or knowledge of the government's evidence and discovery Petitioner under the deficient advice and performance of Counsel proceeded and allowed Petitioner to plead guilty. Unbeknownst to Petitioner, the Government possessed evidence and information that Petitioner was not aware of. Counsel failed to explain, inform, advise, and engage in plea negotiations during the plea negotiation phase of Petitioner's case. The evidence to support Petitioner's claims and Grounds raised herein are readily available. Petitioner's incarceration and indigency creates hardships in obtaining, procuring and properly presenting the evidence to support Petitioner's claims and Grounds. Petitioner respectfully requests this honorable Court issue an Order Appointing Counsel, an Order Granting a Evidentiary Hearing, and a Order Granting Leave to Utilize Discovery Tools under RULE 6 in these proceedings.

For this reason, Petitioner respectfully requests this honorable Court Grant an evidentiary hearing and appoint counsel.

\* For Details, Please See Affidavit Attached herein.

## GROUND FIVE: COUNSEL WAS INEFFECTIVE FOR FAILING TO PROPERLY INVESTIGATE THE FACTS SURROUND THE ARREST, INVESTIGATIVE REPORTS, AND THE CONTRADICTING THEORIES AND EVIDENCE

Petitioner states that Counsel was ineffective for failing to properly challenge, the arrest, search and seizure warrants, statements and all other evidence.

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S TITLE 28 USC Section 2255 PETITION

\* For Details, Please See Affidavit Attached herein.

**GROUND SIX: COUNSEL WAS INEFFECTIVE FOR FAILING TO EXPLAIN PLEA OFFERS AND FAILING TO PROPERLY ENGAGE IN THE PLEA NEGOTIATION PROCESS**

Counsel failed to properly engage in the plea negotiation process. Petitioner did not understand Counsel during meetings and interviews with Petitioner..

\* For Details, Please See Affidavit Attached herein.

**GROUND SEVEN: COUNSEL WAS INEFFECTIVE FOR FAILING TO EXPLAIN THE SENTENCING EXPOSURE IF CONVICTED AT TRIAL OR A PLEA OF GUILTY**

Petitioner submits that Counsel was ineffective for his failure to keep Petitioner informed of the sentencing exposure and the difference of a guilty plea and a not guilty plea. And in addition, the amount of time the honorable Court sentenced Petitioner is nowhere in Counsels information to Petitioner.

**GROUND EIGHT:** COUNSEL WAS INEFFECTIVE FOR FAILING TO EXPLAIN, FILE A NOTICE OF APPEAL, AND FILE A DIRECT APPEAL

Petitioner submits that counsel was ineffective for his failure to explain, file a notice of appeal and file a direct appeal. Petitioner wanted to appeal and directed an appeal be filed however no appeal was filed. Petitioner was abandoned by Counsel.

8

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S TITLE 28 USC Section 2255 PETITION**

## AN EVIDENTIARY HEARING IS NECESSARY AND WOULD BE USEFUL TO THE COURT

The elements to the charges, the Sentencing Guidelines and Petitioner's Level on the U.S.S.G. Had Counsel apprised, properly informed, not misleaded or deceived Petitioner, investigated those facts, and challenged self-serving statements used against Petitioner,

> "Unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

28 U.S.C. Section 2255

In the instant case, as set forth in Petitioner's Section 2255 Petition and Affidavits, Petitioner has pleaded, presented evidence, and argued to demonstrate that his conviction and sentence is violative of his Sixth Amendment right to effective assistance of counsel during the plea negotiation phase.

While many of the material allegations concern events which took place outside the courtroom and are not, therefore, part of the "files and records," these allegations require an evidentiary hearing under well settled law. Stoia v. United States, 24 F.3d 766, 768 (7th Cir. 1994); Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (same); Nichols v. United States, 75 F.3d 1137, 1145-46 (7th Cir. 1996)(petitioner entitled to evidentiary hearing on claim of ineffective assistance of counsel when record inconclusive on issue); United States v. Witherspoon, 231 F.3d 923; 2000 U.S. App. LEXIS 27778 (4th Cir. 11-6-00)(petitioner entitled to evidentiary hearing when motion presented colorable claim and unclear whether counter affidavit disputed defendant's allegations).

Here, Petitioner was directed to and induced by Counsel to sign a plea agreement and enter a plea of guilty for significantly a lot less than what counsel told Petitioner. Petitioner argues that his conviction and sentence are violative of his Sixth Amendment right to effective assistance of counsel because "any amount of jail time has a Sixth Amendment significance." Glover v. United States, 531 U.S. 198, 203, 121 S. Ct. 696, 148 L. Ed. 2d 604 (2001).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S TITLE 28 USC Section 2255 PETITION

## RELIEF REQUESTED

For the above-named reasons, Petitioner prays that this Court:

i. Issue a writ of habeas corpus to have Petitioner brought before the Court to the end that he may be discharged from this unconstitutional conviction;
ii. Require Respondent to bring forth and file with this Court accurate and complete copies of all documents and proceedings relating to Petitioner's conviction and sentence;
iii. Permit Petitioner to amend this Petition to include any additional claims or allegations not presently known to him, that are identified or uncovered in the course of review, discovery, investigation, and litigation of this habeas corpus Petition;
iv. Require Respondent to file an answer in the form prescribed by the Rules Governing § 2255 proceedings, admitting or denying each and every factual allegation set forth in this Petition;
v. Permit Petitioner to conduct and utilize the procedures for discovery under Rule 6 of the Rules Governing § 2255 proceedings and Fed.R.Civ.P. 26 – 37, to the extent necessary to fully develop and identify the facts supporting this Petition, and any defenses thereto raised by Respondent's Answer;
vi. Conduct an evidentiary hearing to resolve any factual disputes in relation to the claims in this Petition, by Respondent's Answer to this Petition, or by Petitioner's Response to any affirmative defenses raised in Respondent's Answer;
vii. Issue a writ of habeas corpus Granting new proceedings to cure all constitutional defects in the federal proceedings that resulted in Petitioner's Federal conviction;
viii. Issue an Order appointing Counsel for Petitioner for this habeas corpus proceeding; and
ix. Grant such other and further relief as may be deemed just and proper.

## VERIFICATION

I, the Petitioner, state as follows:

a) I am a pro se pauper in federal custody; and
b) Based on my first-rate personal knowledge, and a review of the limited record, I know all the facts described in this Petition and verify them as true.

I declare under penalty of perjury pursuant to Title 28 U.S.C. 1746, and under the laws of this State that the foregoing is true and correct to the best of my ability.

Dated this October 10, 2024

Signature Name: *[signature]*

LUIS ALONSO MURILLO-ALVARENGA
Reg. No. 09887-510

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S TITLE 28 USC Section 2255 PETITION

## CONCLUSION

**WHEREFORE**, for the reasons stated above, Petitioner prays this honorable Court Grant Petitioner the relief he seeks.

October 10, 2024

Sign Name: *[signature]*

LUIS ALONSO MURILLO-ALVARENGA
Reg. No. 09887-510
FCI Oakdale II
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 5010
OAKDALE, LA   71463

11
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S TITLE 28 USC Section 2255 PETITION

# CERTIFICATE OF SERVICE

I, Petitioner **LUIS ALONSO MURILLO-ALVARENGA**, Reg. No. 09887-510, certifies and declares that on October 10, 2024, I have served the Original of the following:

**1)** Title 28 U.S.C. Section 2255 Petition; **2)** Declaration Of In Support Of Petitioner's Title 28 Usc Section 2255 Petition; And **3)** Memorandum Of Points And Authorities In Support Of Title 28 U.S.C. Section 2255 Petition

Which is deemed filed at the time it was delivered to prison legal mail authorities for forwarding, Houston v. Lack, 101 L. Ed. 2d 245 (1998), upon the below mentioned, by placing same in sealed, postage prepaid envelope addressed to:

**Texas Western District Court – Austin, TX**
**United States Courthouse**
**501 West 5th Street**
**Austin, TX 78701**

And deposited same in the United States Legal Mail System at the:

FCI Oakdale II
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 5010
OAKDALE, LA   71463

I declare under penalty of perjury pursuant to Title 28 U.S.C. 1746, and under the laws of this State that the foregoing is true and correct to the best of my ability.

October 10, 2024

Sign Name: /s/ Luis Murillo-Alvarenga

**LUIS ALONSO MURILLO-ALVARENGA**
Reg. No. 09887-510
FCI Oakdale II
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 5010
OAKDALE, LA   71463

12
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S TITLE 28 USC Section 2255 PETITION**